# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**CHRISTOPHER G. MILLER,**
**Claimant Below, Petitioner**

**FILED**

January 20, 2021
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-1060** (BOR Appeal No. 2054292)
             (Claim No. 2019003964)

**MINE BATTERY SERVICE, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Christopher G. Miller, by Counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Mine Battery Service, Inc., by Counsel Timothy E. Huffman, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on August 21, 2018. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its May 31, 2019, Order. The Order was affirmed by the Board of Review on October 21, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Miller, a laborer, alleges that he was injured in the course of his employment on August 4, 2018. Mr. Miller was sweeping at work that day when his legs gave out, causing him to strain is neck and upper back. He sought treatment on August 15, 2018, from Raleigh General Hospital emergency room. On August 16, 2018, Mr. Miller was seen at MedExpress where he reported that he was sweeping at work when his legs went numb. He caught himself against a wall and felt a pop in his mid-back. He was diagnosed with thoracic sprain.

The Employees' and Physicians' Report of Injury was completed on August 16, 2018, and indicates Mr. Miller sustained a work-related injury to his upper back and neck when his legs gave

1

out, forcing him to catch himself. The physician's section was completed at MedExpress and diagnosed thoracic strain.

Mr. Miller sought treatment from Barry Levin, M.D., on August 20, 2018, and reported that he was at work on April 23, 2018, when he bent over to pick up a spool of wire and felt a pop in his back. He sought treatment from MedExpress and underwent eight weeks of physical therapy, which worsened his condition. Mr. Miller stated that on August 14, 2018, he was sweeping when his legs went numb and gave out. He fell and his midback popped. Dr. Levin diagnosed spondylosis, lumbar sprain, and myalgia. He administered injections and indicated Mr. Miller was unable to work from August 20, 2018, through December 4, 2018. The claims administrator rejected the claim on August 21, 2018.

Mr. Miller testified in a December 14, 2018, deposition that he was injured at work on April 23, 2018, when he bent down to lift a spool of wire and felt a pop in his lumbar spine. He stated that he returned to work but still had lower back pain and numbness in his legs. Mr. Miller stated that his legs occasionally gave out. On August 14, 2018, Mr. Miller's legs gave out while he was at work, forcing him to catch himself on a table, and he felt a pop in his midback. Mr. Miller testified that he reported the injury the day it occurred and sought treatment at MedExpress.

The Office of Judges affirmed the claims administrator's rejection of the claim on May 31, 2019. It found that Mr. Miller sustained a prior low back injury on April 23, 2018, which is the subject of a different claim. The evidence shows that he was working light duty on August 14, 2018, when his legs gave away, forcing him to catch himself on a table. At that time, he stated that his neck and midback popped. The Office of Judges found that the record suggests that Mr. Miller's legs gave away due to his prior April 23, 2018, low back injury, though there is no medical opinion of record to that effect. Regardless the Office of Judges determined that there is no evidence of record stating that Mr. Miller's legs gave away due to his work duties. He was merely sweeping when his legs gave away, forcing him to catch himself. There is no indication that his legs gave away as a result of his work duties. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on October 21, 2019.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Though Mr. Miller was injured at work, he failed to show that his injury was the result of his work. He testified in a deposition that following his April 23, 2018, injury, his legs began giving away. Further, Mr. Miller submitted no evidence showing that August 14, 2018, injury was the result of his work duties.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: January 20, 2021**


**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton

**DISSENTING:**

Justice John A. Hutchison